1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANNON SORRELLS,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES MARSHAL SERVICE,**<br><br>Respondent. | Case No. 1:15-cv-01725 AWI-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal pretrial detainee proceeding *pro se* with the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241.

I. **BACKGROUND**

On November 16, 2015, Petitioner filed the instant petition for writ of habeas corpus. Petitioner is not in custody as the result of a state or federal court criminal judgment. Rather, Petitioner is a federal pretrial detainee, awaiting sentencing in a pending criminal action in this district for theft of governmental property and theft of mail. (ECF No. 1 at 2-3.) In Petitioner's pending criminal case, United States v. Sorrells, 14-cr-00140-LJO-BAM, a three day trial was held on October 20, 2015. See United States v. Sorrells, 14-cr-00140-LJO-BAM at ECF Nos. 74, 79, 80. At the conclusion of the trial, a jury found Petitioner guilty of five counts of bank fraud, a count of possession of stolen

1 mail, and a count of aggravated identity theft. Id. at ECF Nos. 82-83. Petitioner is

2 scheduled for sentencing on March 7, 2016. Id. at ECF No. 110.

3     In the present petition, Petitioner claims he has been deprived his right to due

4 process based on his lack of access to the correctional facility's law library. (Pet., ECF

5 No. 1.)

6 **I.**    **SCREENING THE PETITION**

7     Because the petition was filed after April 24, 1996, the effective date of the

8 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the

9 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,

10 1499 (9th Cir. 1997).

11     The Rules Governing Section 2254 Cases in the United States District Courts

12 (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28

13 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a

14 preliminary review of each petition for writ of habeas corpus. The Court must summarily

15 dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that

16 the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v.

17 Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

18 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief

19 available to the Petitioner; 2) state the facts supporting each ground; and 3) state the

20 relief requested. Notice pleading is not sufficient; rather, the petition must state facts that

21 point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976

22 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S.

23 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably

24 incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

25     Further, the Court may dismiss a petition for writ of habeas corpus either on its

26 own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or

27 after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

28 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

1  **III.   DISCUSSION**

2          Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas

3  petition brought by a federal pretrial detainee. Although Section 2241 establishes

4  jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should

5  abstain from the exercise of that jurisdiction if the issues raised in the petition may be

6  resolved either by trial on the merits or other procedures available to the petitioner in the

7  pending criminal case. See, Fay v. Noia, 372 U.S. 391, 417-20, 83 S. Ct. 822, 9 L. Ed.

8  2d 837 (1963); Jones v. Perkins, 245 U.S. 390, 391-92, 38 S. Ct. 166, 62 L. Ed. 358

9  (1918); Riggins v. United States, 199 U.S. 547, 550-51, 26 S. Ct. 147, 50 L. Ed. 303

10  (1905). In the instant petition, Petitioner complains about his lack of access to the law

11  library. First, the Court notes that Petitioner is represented by legal counsel in his

12  underlying criminal action. Based on his representation, it raises the question as to why

13  he would need to undertake legal research, rather than consult with counsel with regard

14  to any legal issues that may arise. Regardless, the Court should abstain from exercising

15  jurisdiction to the extent that Petitioner's claims can be resolved in the underlying

16  criminal action.

17          Further, it appears that Petitioner's claims are not properly cognizable by way of a

18  habeas corpus petition. A habeas corpus petition is the correct method for a prisoner to

19  challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

20  (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory

21  Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

22          In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

23  for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500

24  U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory

25  Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

26          Petitioner's claim does not implicate the fact or duration of his confinement.

27  Petitioner seeks relief for the conditions of his confinement. (See Pet.) Petitioner desires

28  access to the law library. (Id.) Petitioner does not challenge any of the actions or findings

1    that have occurred in his pending criminal trial.

2        Petitioner's claims are not cognizable grounds for federal habeas corpus relief

3    and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by

4    way of a civil rights complaint. The Court expresses no opinion as to the merits of such a

5    civil rights complaint.

6        As it does not appear possible that the deficiencies identified herein can be cured

7    by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal

8    of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en

9    banc).

10       In an appropriate case a habeas petition may be construed as a Section 1983

11   complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418

12   (1971). Although the Court may construe a habeas petition as a civil rights action, it is

13   not required to do so. Since the time when the Wilwording case was decided there have

14   been significant changes in the law. For instance, the filing fee for a habeas petition is

15   five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For

16   civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform

17   Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of

18   deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A

19   prisoner who might be willing to file a habeas petition for which he or she would not have

20   to pay a filing fee might feel otherwise about a civil rights complaint for which the $400

21   fee would be deducted from income to his or her account. Also, a civil rights complaint

22   which is dismissed as malicious, frivolous, or for failure to state a claim would count as a

23   "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

24       As the Court finds that Petitioner should have pursued available remedies in his

25   pending federal criminal case, but did not do so, and that the petition challenges the

26   conditions of his confinement, the Court recommends that Petitioner's petition for writ of

27   habeas corpus be dismissed.

28   ///

4

### III.   **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   __January 23, 2016__                    ___/s/ Michael J. Seng___

                                             UNITED STATES MAGISTRATE JUDGE